IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARA MANZKE,

                                         OPINION AND ORDER

                Plaintiff,

                                             18-cv-505-bbc

     v.

JEFFERSON COUNTY and
TOWN OF IXONIA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action brought under the Fair Housing Amendment Act, 42 U.S.C. § 3604, and Wisconsin's Open Housing Law, Wis. Stat. § 106.50, plaintiff Sara Manzke contends that defendants Jefferson County and Town of Ixonia discriminated against her because of her disability when they denied her applications for a zoning variance and conditional use permit to accommodate her emotional support animals. Before the court is plaintiff's motion for a preliminary injunction preventing defendants from enforcing their zoning ordinances against plaintiff in a discriminatory manner. Dkt. #4.

After reviewing the parties' briefs and evidence, I conclude that plaintiff's motion for a preliminary injunction must be denied because plaintiff has not shown that she is likely to succeed on the merits of her claim or that she will suffer irreparable harm without an injunction. In addition, because defendants appear to be correct that plaintiff's accommodation claim is not yet ripe and plaintiff has not yet had an opportunity to respond

1

to that argument, I am giving plaintiff an opportunity to file a response and show cause why her claim should not be dismissed for lack of subject matter jurisdiction.

Turning to the proposed findings of fact submitted by plaintiff in support of her motion, I note that defendants are correct that plaintiff seems to rely on her unsworn complaint to support many of her proposed findings of fact, in violation of this court's procedures to be followed on motions for injunctive relief. Although she has submitted a short affidavit and several documents, not all of her proposed findings of fact are supported by admissible evidence. Therefore, I have not considered any proposed finding of fact that plaintiff has failed to support with admissible evidence and to which defendants have not stipulated. In any event, as discussed below, none of the facts that defendants have objected to on this ground affect the ruling on plaintiff's motion.

FACTS

On or about May 12, 2017, plaintiff Sarah Manzke and her fiancé, Joshua Pernat, purchased residential property located at N8263 County Road E in the Town of Ixonia in Jefferson County, Wisconsin. Defendants Town of Ixonia and Jefferson County are both governmental corporations organized under Wisconsin law. Plaintiff's property is approximately one acre in size and zoned "community" under the Jefferson County zoning ordinances, which Ixonia has adopted in accordance with Wis. Stats. Ch. 59 and 60.

According to her healthcare providers, plaintiff suffers from severe intestinal cystitis, recurrent depressive disorder and generalized anxiety disorder, chronic debilitating pain,

fatigue and muscle weakness, for which she has sought the support of emotional support animals. Four miniature goats and up to six geese reside on her property. Plaintiff's neighbor, Martine Koeppel, complained about the animals. (Plaintiff says she purchased the goats on or about July 21, 2017, and that Koeppel began to object to the animals and file complaints about them in August 2017, but plaintiff has not submitted admissible evidence to support these facts.)

On August 24, 2017, plaintiff provided the Town of Ixonia a letter from her behavioral therapist, Sandy Bruggink, who recommended that plaintiff be allowed "to own and care for Emotional Support Animals" and stated that the animals provide "many emotional benefits" to plaintiff, including reducing her anxiety and depression, releasing her chronic pain and helping her "maintain a positive, well supported, way of life." Dkt. #7, exh. #10 at 2.

On August 29, 2017, the town clerk, Nancy Zastrow, received a complaint from an unidentified individual that plaintiff was housing farm animals on her property, in violation of the zoning ordinances. Zastrow notified Matt Zangl of the Jefferson County Zoning and Sanitation Department, who issued plaintiff and Pernat a "Notice of Ordinance Violation" on August 31, 2017. Dkt. #7, exh. #1. The notice advised plaintiff that her property was zoned "community," which allows only household pets, and that her ownership of farm animals violated §§ 11.03(b) and 11.04(f)(9) of the Jefferson County zoning ordinance. Plaintiff was told that she had 30 days to remove the animals or face a possible citation of $200.50 for each day a violation continued.

On November 13, 2017, Zangle issued plaintiff and Pernat another Notice of Ordinance Violation, acknowledging that Jefferson County had received the letter from Bruggink but noting that the county's corporation counsel had found that Bruggink's recommendation did not prevent enforcement of the zoning ordinance. Dkt. #7, exh. #2. The notice ordered plaintiff to correct the violation by removing her farm animals no later than December 13, 2017. Id.

On December 13, 2017, Zangl issued plaintiff and Pernat another notice of ordinance violation regarding the farm animals. Zangl referred to a December 8, 2017 discussion (presumably relating to plaintiff's disability and her need for emotional support animals), but he noted that the county's position on the violation had not changed and that plaintiff must either (1) remove the farm animals from the property, or (2) apply for and obtain a conditional use permit to allow farm animals on a R-2 zoned property and a variance to allow farm animals on property that is not at least two acres in size. Dkt. #7, exh. #3. He informed plaintiff that only one animal per acre is allowed and allowing more than one animal per acre would require approval from the county's Planning and Zoning Committee and Board of Adjustment and input from the Town of Ixonia. Id.

On or about February 6, 2018, plaintiff paid a $500 fee and filed applications for a variance and a conditional use permit. On February 28, 2018, the Ixonia Planning Commission reviewed plaintiff's applications and voted to recommend that the Town Board deny plaintiff's variance application. It declined to make any recommendation with respect to her application for a conditional use permit. The Town Board heard plaintiff's requests

for a variance and a conditional use permit at its March 12, 2018 meeting and voted to recommend that Jefferson County deny the variance and, based on that denial, took no action on the conditional use permit.

In an email to plaintiff dated March 27, 2018, Zangl asked plaintiff how she wanted to proceed in light of the fact that Ixonia had denied her requests. He told plaintiff that she could withdraw her applications and receive a fee refund or she could proceed with the process and seek approval from the county. Zangl warned plaintiff that although the county does not have to follow the town's recommendation, the town's decision is usually a sign of what may happen at the county level. Plaintiff responded the same day, stating that she wanted to withdraw from the process and get a refund.

In an unaddressed letter dated March 30, 2018, plaintiff's treating physician, Dr. Jennifer Scheeler, states that plaintiff's intestinal cystitis can be severely debilitating and that her four goats prevents flare ups of the disease. Dkt. #7, exh. #9 at 1. Dr. Scheeler entered an order on the same day stating that plaintiff required four goats as medical support animals for her "lifetime." Id. at 2. In an undated and unaddressed letter, Bruggink states that plaintiff should be allowed to keep four miniature goats and two of her six geese because the animals give plaintiff motivation to get out of bed and care for them on days on which she would otherwise feel inadequate. Dkt. #7, exh. #10 at 1. Bruggink also states that the geese provide plaintiff a sense of security and loyalty because they follow her when they are with her. According to Bruggink, losing the animals would be very harmful to plaintiff's well being and would set her treatment backwards.

5

On or about April 4, 2018, plaintiff wrote to Zangl, again asserting her rights under the Fair Housing Act and requesting reasonable accommodation. On April 12, 2018, Zangl issued plaintiff and Pernat another notice of ordinance violation, noting that plaintiff had withdrawn her applications for a variance and conditional use permit but had not removed the animals from her property. The notice warned plaintiff that if she did not contact Zangl by April 27 to develop a plan to resolve the violation, the matter would be referred to the Jefferson County Corporation Counsel. On April 25, 2018, plaintiff's attorney sent Zangl a letter setting out plaintiff's position regarding her disability and her rights under the Fair Housing Act.

In a letter dated May 30, 2018, J. Blair Ward, the Jefferson County Corporate Counsel, informed plaintiff and Pernant that they were in violation of ordinance and faced possible legal action and penalties under Jefferson County ordinance § 11.03(j), which provides:

> Any person, firm, or corporation who fails to comply with the provisions of this Ordinance shall, upon conviction thereof, forfeit not less than $25.00 nor more than $5,000.00 and costs of prosecution for each violation and in default of payment of such forfeiture and costs shall be imprisoned in the County Jail until payment thereof, but not exceeding thirty (30) days. Each day a violation exists or continues shall constitute a separate offense. In addition to such forfeiture or imprisonment, action may be brought to enjoin, remove, or vacate any use, erection, moving or alteration of any building or use in violation of this Ordinance.

Ward told plaintiff that to avoid legal action, she must contact Zangl before June 29, 2018 to make arrangements to correct the violation.

Plaintiff filed her lawsuit in this court on June 29, 2018. On July 3, 2018, defendant

6

Jefferson County filed a small claims summons and complaint against plaintiff and Pernat in the Circuit Court for Jefferson County, case no. 18-SC-1082, seeking forfeiture in the amount of $10,000 for their alleged two-day violation of the county zoning ordinance. Although the parties were ordered to appear in circuit court on August 1, 2018, court records available online list the case as "closed–change of venue" and show that plaintiff removed the case to this court in July 2018. https://wcca.wicourts.gov (accessed on August 17, 2018). (This case was opened in this court as Jefferson County v. Pernat, 18-cv-539-bbc, on July 13, 2018.)

OPINION

To establish that she is entitled to a preliminary injunction, plaintiff must demonstrate that: (1) she has some likelihood of success on the merits; (2) she will suffer irreparable harm without an injunction; and (3) she has no adequate remedy at law. BBL, Inc. v. City of Angola, 809 F.3d 317, 323-24 (7th Cir. 2015); American Civil Liberties Union of Illinois v. Alvarez, 679 F.3d 583, 589 (7th Cir. 2012) (quoting Ezell v. City of Chicago, 651 F.3d 684, 694 (7th Cir. 2011)). Once plaintiff makes this showing, "the court weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party is sufficiently weighty that the injunction should be denied." BBL, 809 F.3d at 324.

Plaintiff's motion for a preliminary injunction is based on her claim that defendants denied her an accommodation under the Fair Housing Amendment Act, which makes it

7

unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1). The Act applies to municipal zoning decisions, Valencia v. City of Springfield, Illinois, 883 F.3d 959, 967 (7th Cir. 2018) (citing Wisconsin Community Services, Inc. v. City of Milwaukee, 465 F.3d 737, 752 n.12 (7th Cir. 2006) (en banc); Oconomowoc Residential Programs v. City of Milwaukee, 300 F.3d 775, 782 (7th Cir. 2002)), and requires public entities "to reasonably accommodate a disabled person by making changes in rules, policies, practices or services as is necessary to provide that person with access to housing that is equal to that of those who are not disabled." Good Shepherd Manor Foundation, Inc. v. City of Momence, 323 F.3d 557, 561 (7th Cir. 2003). See also 42 U.S.C. § 3604(f)(3)(B).

An accommodation is required if it "(1) is reasonable, and (2) necessary, (3) to afford a handicapped person the equal opportunity to use and enjoy a dwelling." Oconomowoc, 300 F.3d at 783. "An accommodation is reasonable if it is both efficacious and proportional to the costs to implement it," meaning that it does not impose "undue financial or administrative burdens or require[] a fundamental alteration in the nature of the program." Id. at 784. "Whether the requested accommodation is necessary requires a 'showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability' . . . and without the required accommodation [she] will be denied the equal opportunity to live in a residential neighborhood." Valencia, 883 F.3d at 968 (internal citations omitted). "This has been described by courts essentially as a causation inquiry." Wisconsin Community Services, 465 F.3d at 749.

First, defendants contend that plaintiff's reasonable accommodation claim is not ripe because defendant Jefferson County never made a final decision with respect to her applications for a variance and conditional use permit, which would have provided her with an opportunity to keep her goats and geese. An issue is generally not ripe for decision if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-81 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)). See also Sutton v. Napolitano, 986 F. Supp. 2d 948, 954 (W.D. Wis. 2013) (citing same). The Supreme Court has held that in the context of a zoning decision, "the finality requirement is concerned with whether the initial decisionmaker has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question." Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 193 (1985) (noting respondent in takings case that did not apply for variance had not yet obtained final decision regarding how it would be allowed to develop property). See also MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 351-52 (1986) (takings claim premature because even though planning commission rejected plaintiff's development plan, plaintiff failed to submit less intensive plans). Although there is an exception to the Williamson County ripeness requirements for some equal protection claims, that exception does not seem to apply in this case. Flying J Inc. v. City of New Haven, 549 F.3d 538, 543 (7th Cir. 2008) (finding exception applies to equal protection claims based on "malicious conduct of a government agent" evidencing "spiteful effort to

9

'get' [plaintiff] for reasons wholly unrelated to any legitimate state objection").

Defendants make a good point. Although defendant Town of Ixonia voted to recommend that the county deny plaintiff's variance application, defendant Jefferson County is the final decision maker. Jefferson County Ord. § 11.11. Because plaintiff withdrew her requests for a variance and a conditional use permit before the county had an opportunity to rule on them, she never received a final decision on her applications and may have been granted permission to keep her farm animals. Even though Zangl told plaintiff that the town's refusal to recommend the variance was a good indicator of what the county would do, the county had no obligation to follow the recommendation. Additionally, plaintiff may be able to modify her request to satisfy both her needs and those of the county.

Therefore, it seems that plaintiff's accommodation claim is not yet ripe and that this court lacks subject matter jurisdiction in this case. Flying J, 549 F.3d at 544. The first question is any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. Arbaugh v. Y & H Corporation, 546 U.S. 500, 501 (2006); Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010). However, because plaintiff has not had the opportunity to respond to defendants' arguments with respect to ripeness, I will allow plaintiff an opportunity to file a response and show cause why this case should not be dismissed for lack of subject matter jurisdiction.

In any event, even if plaintiff's claim is ripe, the evidence that she has submitted is insufficient to show that the accommodation she seeks is necessary for her to remain on her property. Plaintiff has submitted letters from her doctor and her therapist, who both state

the opinion that she benefits from owning and caring for goats and geese. Neither provider gives any particular detail or analysis about how the animals benefit plaintiff's specific disabilities or provides any reason why plaintiff's medical support animals must be farm animals rather than domesticated animals (such as dogs and cats), which are allowed in her zoning classification. In fact, Dr. Scheeler and Bruggink did not discuss plaintiff's need for goats and geese in particular until March 30, 2018, after the town voted to recommend denial of plaintiff's variance and after plaintiff had withdrawn her applications for a variance and conditional use permit. Without more, plaintiff has failed to show the required causal connection between the treatment she requires for her disability and her requested accommodation.

In addition, plaintiff has failed to establish that she will suffer irreparable harm prior to this court's final resolution of this lawsuit, for which legal remedies are inadequate absent preliminary injunctive relief. Plaintiff contends that defendant Jefferson County seeks to enforce the ordinance by imposing a $10,000 forfeiture and possibly removing her animals. Again, relying on the letters submitted by her healthcare providers, plaintiff asserts that she will suffer irreparable physical and emotional harm if her animals are removed. However, the small claims court action filed by Jefferson County, which discussed only a daily fine *up to* $5,000 for two days, has been closed and removed to this court. Therefore, it is unlikely that plaintiff will suffer any irreparable harm without an injunction while the case is pending in this court. Accordingly, plaintiff's request for preliminary injunctive relief will be denied.

ORDER

IT IS ORDERED that plaintiff Sara Manzke's motion for preliminary injunctive relief, dkt. #4, is DENIED. Plaintiff shall have until September 10, 2018 to respond to defendants' arguments regarding ripeness and show cause why this case should not be dismissed for lack of subject matter jurisdiction. Defendants shall have until September 20, 2018 to respond.

Entered this 21st day of August, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge