IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARA MANZKE,

                                          OPINION AND ORDER

            Plaintiff,

                                          18-cv-505-bbc

    v.

JEFFERSON COUNTY and
TOWN OF IXONIA,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFERSON COUNTY,

           Plaintiff,

                                          18-cv-539-bbc

    v.

SARA MANZKE and
JOSHUA PERNAT,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

These related civil actions involve alleged violations of Jefferson County zoning ordinances based on the presence of four miniature goats and two geese on property owned by Joshua Pernat and Sara Manzke. In case no. 18-cv-505, plaintiff Sara Manzke brings claims under the Fair Housing Amendments Act, 42 U.S.C. § 3604, and Wisconsin's Open Housing Law, Wis. Stat. § 106.50, contending that defendants Jefferson County and Town of Ixonia discriminated against her because of her disability when they denied her applications for a zoning variance and conditional use permit to accommodate her emotional

1

support animals. In case no. 18-cv-539, defendants Manzke and Pernat filed a notice of removal of a small claims action filed by plaintiff Jefferson County in the Circuit Court for Jefferson County, in which the county seeks monetary sanctions for alleged violations of the zoning ordinance.

In an order entered on August 21, 2018 in case no. 18-cv-505, I denied plaintiff's motion for a preliminary injunction preventing defendants from enforcing their zoning ordinances against plaintiff in a discriminatory manner. Dkt. #25. (All citations to the docket refer to case no. 18-cv-505.) In addition, I gave plaintiff an opportunity to respond to defendants' argument that plaintiff's federal accommodation claim was not yet ripe and show cause why that claim should not be dismissed for lack of subject matter jurisdiction. Before the court are the parties' responses to that order. Dkt. ##29, 30.

For the reasons set out below, I conclude that plaintiff's Fair Housing Amendments Act claim is not ripe and must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Because plaintiff relies on 28 U.S.C. § 1367 as the basis for exercising jurisdiction over her state law claim, that claim will be dismissed under § 1367(c)(3) without prejudice to plaintiff's refiling it in state court. For similar reasons, defendants Manzke and Pernat have not satisfied the requirements for removal under 28 U.S.C. § 1443 in case no. 18-cv-539, and that case will be remanded to the state court.

OPINION

Plaintiff alleges that defendants denied her an accommodation under the Fair Housing Amendments Act of 1988 and Wisconsin's Open Housing Law. The Fair Housing Amendments Act makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1). The Act applies to municipal zoning decisions, Valencia v. City of Springfield, Illinois, 883 F.3d 959, 967 (7th Cir. 2018) (citing Wisconsin Community Services, Inc. v. City of Milwaukee, 465 F.3d 737, 752 n.12 (7th Cir. 2006) (en banc); Oconomowoc Residential Programs v. City of Milwaukee, 300 F.3d 775, 782 (7th Cir. 2002)), and requires public entities "to reasonably accommodate a disabled person by making changes in rules, policies, practices or services as is necessary to provide that person with access to housing that is equal to that of those who are not disabled." Good Shepherd Manor Foundation, Inc. v. City of Momence, 323 F.3d 557, 561 (7th Cir. 2003). See also 42 U.S.C. § 3604(f)(3)(B). Wisconsin's Open Housing Law contains a similar reasonable accommodation requirement for people with disabilities. Wis. Stat. § 106.50(2r)(b).

During the briefing of plaintiff's motion for a preliminary injunction, defendants argued that plaintiff's federal reasonable accommodation claim is not ripe because defendant Jefferson County never made a final decision with respect to her applications for a variance and conditional use permit, which would have provided her an opportunity to keep her goats and geese. Jefferson County Ord. § 11.11 (county is final decision maker for conditional use permits and zoning variances). (Because the motion for a preliminary injunction was based

on plaintiff's federal claim, the parties have not discussed whether plaintiff's state law claim is ripe.)  Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of complaints that bring no actionable claim within the subject matter of the federal courts.  In considering a Rule 12(b)(1) challenge, I must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," and if necessary "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (internal citations omitted).  See also Ciarpaglini v. Norwood, 817 F.3d 541, 543 (7th Cir. 2016) (reaffirming standard in St. John's).  As the party asserting jurisdiction in this case, plaintiff bears the burden of proof on this issue.  Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008); United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003), overruled on other grounds by Minn-Chem, Inc. v. Agruim, Inc., 683 F.3d 845 (7th Cir. 2012).

As discussed in my previous order, after the Town of Ixonia voted to recommend that the county deny plaintiff's variance application, plaintiff withdrew from consideration her requests for a variance and a conditional use permit before Jefferson County had an opportunity to rule on them.  Therefore, plaintiff never received a final decision on her applications and may have been granted permission to keep her farm animals.  As a general rule, an issue is not ripe for decision if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  Thomas v. Union Carbide Agricultural

4

Products Co., 473 U.S. 568, 580-81 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)).  See also Sutton v. Napolitano, 986 F. Supp. 2d 948, 954 (W.D. Wis. 2013) (citing same).  The Supreme Court has held that in the context of a zoning decision, "the finality requirement is concerned with whether the initial decision maker has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question."  Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 193 (1985) (noting in takings case that respondent who did not apply for variance had not yet obtained final decision regarding how it would be allowed to develop property).  See also MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 351-52 (1986) (takings claim premature even though planning commission rejected plaintiff's development plan, when plaintiff failed to submit less intensive plans).

In her supplemental brief, plaintiff points out that two federal circuit courts of appeals have held that a violation under the Federal Housing Amendments Act occurs "when the disabled resident is first denied a reasonable accommodation, irrespective of the remedies granted in subsequent proceedings."  Bryant Woods Inn, Inc. v. Howard County, Maryland, 124 F.3d 597, 602 (4th Cir. 1997); see also Groome Resources Ltd., LLC v. Parish of Jefferson, 234 F.3d 192, 199 (5th Cir. 2000) (quoting Bryant Woods Inn, 124 F.3d at 602). Although plaintiff acknowledges that the Court of Appeals for the Seventh Circuit has not reached a similar conclusion, she notes that it recognized a limited exception to the ripeness doctrine based on futility in United States v. Village of Palatine, Illinois, 37 F.3d 1230, 1234

5

(7th Cir. 1994), which involved a reasonable accommodations challenge to a local ordinance for which a group home for recovering substance abusers had not sought a variance before filing its claim. Specifically, the court in Palatine held that "where plaintiff's sole argument is that the Village failed to make a reasonable accommodation under the Act, the Village must be afforded an opportunity to make such an accommodation pursuant to its own lawful procedures—unless it is clear that the result of such procedures is foredoomed, which is not the case here—before plaintiff will have a ripe claim." Id. ("Even though Palatine's procedures do not themselves violate the Act, plaintiff need not resort to them if such resort is manifestly futile."). The court of appeals was persuaded that requiring the group home to use the variance procedure would not be futile because the village had an "exemplary record in responding to needs" of people with disabilities and had made "numerous zoning changes in face of community opposition in order to accommodate" them. Id. (internal quotations omitted). Although courts in other circuits have cited this holding, neither the Court of Appeals for the Seventh Circuit nor any district court in this circuit appears to have relied on Palatine in applying a futility exception to the ripeness doctrine in a Federal Housing Act case.

Although I agree that there may be some circumstances under which following required procedures for obtaining an accommodation may be so certain to fail so as to be futile, plaintiff has not shown that they exist in this case. Plaintiff argues that the "Town's denial foretold a denial by the County," dkt. #29 at 6, and any further appeal to the county would have been fruitless because she had been informed by a member of the town planning

commission and the town's attorney that the Federal Housing Amendments Act did not apply to zoning laws. She contends that "[g]iven the concreteness of her injuries and the incredible stress that the administrative process had already caused her, it would be unreasonable to require her to undergo additional strain and incur the added costs of a County process that would undeniably end in denial of her FHAA rights as a disabled property owner." Id. at 6-7. However, plaintiff has not shown that presenting her application to the county Planning and Zoning Committee and Board of Adjustment, as required by the county ordinance, would be fruitless.

Even though plaintiff was told by Matt Zangl in the county's zoning department that the town's refusal to recommend the variance was a "good indicator" of what the county would do, he was not the final decisionmaker and was not giving plaintiff a formal or advisory opinion. Although plaintiff says she submitted multiple documents in support of her request for an accommodation, she never completed the process required for anyone seeking a conditional use permit and zoning variance. The county had no obligation to follow the town's recommendation. Additionally, plaintiff might have been able to negotiate with the county or modify her request to satisfy both her needs and those of the county. Certainly, there is no evidence that the county had a pattern or practice of denying similar accommodation requests. Accordingly, I find that plaintiff's Fair Housing Amendments Act accommodation claim is not ripe claim for review and must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Flying J, Inc. v. City of New Haven, 549 F.3d 538, 544 (7th Cir. 2008) (ripeness is question of subject matter jurisdiction under

7

case-or-controversy requirement).

Plaintiff's Federal Housing Amendments Act claim is the only federal claim raised in her complaint, and she relies solely on 28 U.S.C. § 1367 to support exercise of jurisdiction over her state law claim. Under these circumstances, the general rule is that federal courts should relinquish jurisdiction over a state law claim if all federal claims are resolved before trial. 28 U.S.C. § 1367(c)(3); Burritt v. Ditlefsen, 807 F.3d 239, 252 (7th Cir. 2015). Because I see no reason to depart from the general rule in this case, I will dismiss plaintiff's state law claim without prejudice to her refiling it in state court and close case no. 18-cv-505.

Finally, in case no. 18-cv-539, plaintiff and Pernat rely on 28 U.S.C. § 1443 for removal of the Jefferson County small claims action. Section 1443(1) provides for removal of any state civil action in which the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." Manzke and Pernat state in their notice of removal that Manzke has been denied her rights under the Fair Housing Act as set forth in the complaint she filed in case no. 18-cv-505. Because I have determined that Manzke has not stated a federal claim, defendants Manzke and Pernat cannot satisfy the prerequisites for removing the small claims action from state court. Moreover, the United States Supreme Court has held that "law[s] providing for [] equal civil rights" are limited to those rights "specifically defined in terms of racial equality." Fenton v. Dudley, 761 F.3d 770, 773 (7th Cir. 2014) (quoting Georgia v. Rachel, 384 U.S. 780, 791 (1966)). Manzke's Fair Housing Amendments Act

accommodation claim is defined in terms of disability and not racial equality. Id. ("More general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice."). Therefore, the petition for removal in case no. 18-cv-539 must be denied and the case remanded to state court.

ORDER

IT IS ORDERED that

1. Plaintiff Sara Manzke's Fair Housing Amendments Act claim in case no. 18-cv-505 is dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The state law claim is DISMISSED without prejudice in accordance with 28 U.S.C. § 1367(c)(3). The clerk of court is directed to close case no. 18-cv-505 and enter judgment in favor of defendants.

2. The petition for removal filed by defendants Manzke and Joshua Pernat in case no. 18-cv-539-bbc is DENIED for lack of subject matter jurisdiction and the case is REMANDED to the Circuit Court for the County of Jefferson.

Entered this 19th day of October, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge